Randolph R. Ramirez, Esq.
DONALD T. DUNHAM & ASSOCIATES
Rosemead, California 91170
Phone: (626) 288-1699 Fax: (626) 784-0480
California State Bar Number: 297928
Email: lawrrr@me.com

Attorney for Debtor, Allan Miro

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA –LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ALLAN MIRO,<br><br>Debtor. | Case No. 2:17-bk-11788-SK<br><br>Chapter 7<br><br>**DEBTOR'S OPPOSITION TO UNITED STATES TRUSTEE'S MOTION SEEKING DISGORGEMENT OF COMPENSATION FROM ATTORNEY RANDOLPH R. RAMIREZ; MEMORANDAUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT**<br><br>**[Request For Judicial Notice in Support Thereof Filed Concurrently Herewith]**<br><br>Hearing Date:   April 19, 2017<br>Time:   9:00 am<br>Place:   Courtroom 1575<br>  255 E. Temple Street<br>  Los Angeles, CA 90017 |

**TO THE HONORABLE SANDRA R. KLEIN, UNTIED STATES BANKRUPTCY JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, UNITED STATES TRUSTEE, TRUSTEE'S COUNSEL, DEBTOR, AND ALL PARTIES IN INTEREST:**

1

PLEASE TAKE NOTICE THAT, on April 19, 2017 at 9:00 am or soon thereafter as matter may be heard, Randolph R. Ramirez, Attorney for Debtor ("Attorney"), will and hereby does, oppose the United States Trustee's motion to disgorge compensation received by debtor's counsel in connection with the above entitled case.

This motion is opposed on the grounds that Attorney has provided reasonable value of services rendered in that, at debtor's request, Attorney has provided additional legal services to debtor in effort to complete the bankruptcy desired herein.

The reply is also based on this notice, the attached Memorandum of Points and Authorities, the concurrent-filed Request for Judicial Notice, all papers, pleadings and files of record, and such evidence as the Court might receive at the hearing on the Motion.

Dated April 3, 2017                                  Respectfully submitted,

                                                     _____
                                                     Randolph R. Ramirez
                                                     Attorney for Debtor,
                                                     Allan Miro

## STATEMENT OF OPERATIVE FACTS

On February 14, 2017, Allan Miro ("Debtor") filed a chapter 7 bankruptcy case (the "First Bankruptcy Case") in the Central District of California, Los Angeles Division, assigned case number 2:17-bk-11788-SK. Filed along with petition was a Disclosure of Compensation of Attorney for Debtor (the "Disclosure") signed by Counsel. The Disclosure states Counsel agreed to accept $800 for legal services, which included preparation and filing of the petition and schedules, and representation at the meeting of the creditors. On the same date, the court issued a Notice of dismissal if case documents were not filed or signed. Debtor's counsel thereafter filed two missing documents and inadvertently did not include a Declaration of Electronic filing as required. The Court dismissed the Bankruptcy case on February 24, 2017 for failure to file a Declaration of Electronic filing with all other petition schedules and documents.

Attorney immediately, informed Debtor of the mistake, the inadvertent filing error and resulting dismissal of his bankruptcy matter. Ramirez Decl. ¶ 5. Attorney offered to return full payment to Debtor. *Id.* Debtor thereafter directed Attorney to re-file the bankruptcy case for Debtor. Miro Decl. ¶ 5. After a full discussion of a repeat filing and advisement thereof, Debtor proceeded to request Attorney to re-file the bankruptcy. *Id* Attorney agreed to proceed to re-file the bankruptcy at no cost to debtor (including the filing fee) and in fact did so on February 27, 2017 (the "Second Bankruptcy").[1] Ramirez Decl. ¶ 6. The Second Bankruptcy is currently pending for Debtor.

---

[1] *See* Case Docket for *In re Allan Miro Case no.* 2:17-bk-12268-NB ("Case Docket") and Voluntary petition attached to the Attorney's Request for Judicial Notice ("RJN") as Exhibits 1 and 2 filed concurrently with this Opposition.
    The Attorney respectfully requests that the Court take judicial notice of the Debtor's petition, Schedules, Statement of Financial Affairs, and other documents filed herewith and any amendments thereto which are in the Court's file, pursuant to Fed. R. Evid. 201, as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9017. The information contained in these documents, signed under penalty of perjury by the Debtor and Attorney, are admissible admission of the Debtor pursuant to Fed. R. Evid. 801(d).

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. The Court has Discretion in its Application of 11 U.S.C. § 329(b) and Federal Rule of Bankruptcy Procedure 9020 and Must Take Into Consideration Whether Disgorgement is Justified under the Current Cases' Specific Circumstances

Section 329(b) effectively allows the Court to determine whether the fees charged are excessive and, if so, the Court may cancel any compensation agreement between the attorney and the client, or it may order the return of the excessive portion of the fees to the debtor's estate or to the entity that made the payment.

Here, Attorney charged a flat fee legal service for Debtor in the amount of $800. Attorney spent four (4) hours meeting with Debtor, reviewing and analyzing documents and preparing the petition and schedules of the Chapter 7 bankruptcy case. Attorney generally charges an hourly fee of $250 per hour; however, Debtor received a discounted flat fee for his bankruptcy filing. The services rendered by Attorney were necessary to the administration of, and beneficial at the time service was rendered toward the completion of, a chapter 7 bankruptcy case. As in many bankruptcy matters, the preparation and analyzing the Debtors income, assets (personal and real property), and debts are paramount to the pre-filing preparation needed to complete a bankruptcy. The service was performed within a reasonable time as Debtor made the payment to Attorney on February 8, 2017, and Debtor's bankruptcy was filed on February 14, 2017. Attorney has been a practicing attorney for 2 years and 8 months. Since that time he has gained the skill and experience in bankruptcy matters and has filed various bankruptcy petitions for his clients. Attorneys compensation fee of $800 and hourly rate of $250 is reasonable based on the Attorney's personal knowledge of other attorneys in the field and has so based his fee on the customary compensation charged by comparable skilled practitioners in such cases.

Attorney acknowledges that the filing of the bankruptcy at issue was incomplete and provided little benefit to the Debtor. However, the error was not purposeful by Attorney. Upon dismissal of the case, Attorney immediately contacted Debtor of the error in filing and resulting dismissal, and on his own accord, did in fact offer to return the Debtor's fees in total due to the incomplete services rendered. However, Debtor preferred to proceed with a re-filed bankruptcy and directed Attorney to do so, in order to complete and render the full services Debtor had bargained for. Attorney offered to re-file the Second Bankruptcy at no additional fee including payment of Debtor's filing fee and proceeded with the Second Bankruptcy under this agreement.

On February 27, 2017, Attorney re-filed the Second Bankruptcy under Case No. 2:17-bk-12268-NB. In accordance with Section 329(a), Debtors attorney filed a Disclosure of Compensation reflecting the agreement between Debtor and Attorney, acknowledging the previous $800 payment for legal services and subsequent dismissal of the First Bankruptcy, stating no fees had been received for the Second Bankruptcy filing, including Attorney's payment of the filing fee for Debtor in the Second Bankruptcy. The same information was disclosed in the Debtor's Statement of Financial Affairs, and Statement of Related Cases.[2]

Attorney's re-filing has continued the legal services requested by Debtor. Attorney is seeking to competently and completely render the full bankruptcy representation through discharge on behalf of the Debtor. Attorney is doing such at no further monetary cost to the Debtor. Debtor acknowledges and is satisfied with such agreement. Attorney herein submits that disgorgement of Counsel's fees would not be justified in this instance as Debtor is receiving additional services in the form of a Second Bankruptcy and is satisfied to proceed as such.

---

[2] See Disclosure of Attorney Compensation entered in *In re Allan Miro*, case no. 2:17-bk-12268-NB attached to the Attorney's RJN as Exhibit 3.

Moreover, Attorney has paid $335 in filing fee as part of a Second Bankruptcy and as such has received a net compensation of only $465. To compensate Debtor of this amount (or more) would result in an unjust enrichment of Debtor and frustrates the purpose behind the protection of Debtors that 11 U.S.C. §329 and Rule 9020 was enacted for.

Based on the foregoing, Attorney herein requests this Court to deny the U.S. Trustee's request to disgorge fees collected from Debtor by Counsel.

## CONCLUSION

For the foregoing reasons, Randolph R. Ramirez, Attorney for Debtor, requests the Court to deny the U.S. Trustee's request that Counsel disgorge all of Counsel's fees for this Bankruptcy Case to the Debtor, and further deny any such further relief.

Dated April 3, 2017                                Respectfully submitted,

 

 

_____
Randolph R. Ramirez
Attorney for Debtor,
Allan Miro

## Declaration of Attorney Randolph Ramirez

I, Randolph R. Ramirez, Esq., declare as follows:

1. That I am an attorney at law duly licensed to practice and practicing before the courts of the United States Bankruptcy Court, Central District of California. That I am now the attorney of record for Debtor, Allan Miro. As such, I have personal knowledge of the facts stated herein. If called, I would competent to testify to these facts.

2. That this declaration is made in support of Opposition to Trustees Motion seeking disgorgement of compensation from Attorney Randolph R. Ramirez, set for hearing on April 19, 2017.

3. On February 14, 2017, I filed a chapter 7 bankruptcy case on behalf of Debtor Allan Miro ("Debtor") in the Central District of California, Los Angeles Division, assigned case number 2:17-bk-11788-SK. Along with petition, I filed a signed Disclosure of Compensation of Attorney for Debtor signed. The Disclosure stated that I had agreed to accept $800 for legal services fro Debtor, which included preparation and filing of the petition and schedules, and representation at the meeting of the creditors.

4. On the same date, the Court issued a Notice of dismissal if case documents were not filed or signed. I thereafter filed two missing documents and inadvertently did not include a Declaration of Electronic filing as required. The Court, thereafter, dismissed the Bankruptcy case on February 24, 2017 for failure to file a Declaration of Electronic filing with all other petition schedules and documents.

5. I immediately informed Debtor of the mistake, the inadvertent filing error and resulting dismissal of his bankruptcy matter. I offered to return full payment to Debtor. Debtor thereafter directed me to re-file the bankruptcy case for Debtor. After a full discussion of a repeat filing and advisement thereof, Debtor proceeded to request I re-file a second bankruptcy.

6. I agreed to proceed to re-file the bankruptcy at no cost to Debtor (including the filing fee of $335). I filed the second bankruptcy for Debtor on February 27, 2017 (the "Second Bankruptcy"). The Second Bankruptcy is under Case No. 2:17-bk-12268-NB, and is currently pending for Debtor.

7. As part of my filing, I disclosed I did not receive any additional payment (than the original $800) from Debtor on the bankruptcy schedules, including the Disclosure of Compensation of Attorney of Debtor.

8. After paying the Second filing fee, I have been paid a net total of $465.00 for legal services.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Dated this Fifth day of April 2017 at Rosemead, California.

_____
Randolph R. Ramirez, Declarant

## Declaration of Debtor Allan Miro

I, Allan Miro, declare as follows:

1. That I am the Debtor, Allan Miro, in the bankruptcy proceedings at issue. As such, I have personal knowledge of the facts stated herein. If called, I would competent to testify to these facts.

2. That this declaration is made in support of the Opposition to Trustees Motion seeking disgorgement of compensation from Attorney Randolph R. Ramirez, set for hearing on April 19, 2017.

3. On February 8, 2017, I paid my attorney, Randolph R. Ramirez, $800 for legal services for bankruptcy.

4. On February 14, 2017, my attorney filed on my behalf a chapter 7 bankruptcy case in the Central District of California, Los Angeles Division, assigned case number 2:17-bk-11788-SK.

4. On February 24, 2017, my bankruptcy was dismissed by the Court for failure to file a Declaration of Electronic filing.

5. My attorney immediately informed me of his mistake, the inadvertent filing error and resulting dismissal of my bankruptcy matter. My attorney offered to return full payment to me due to the dismissal. After a full discussion and advisement thereof, I proceeded to request my attorney to re-file a second bankruptcy. As part of the agreement to re-file the bankruptcy, my attorney insisted that the Second Bankruptcy be filed at no cost, including the filing fee of $335.

6. My attorney filed the second bankruptcy for me on February 27, 2017 (the "Second Bankruptcy"). The Second Bankruptcy is under Case No. 2:17-bk-12268-NB, and is currently pending. I have paid no further legal fees, other than the $800.00

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Dated this Fifth day of April 2017 at Rosemead, California.

_____
Allan Miro, Declarant

DEBTOR'S REPLY TO UNITED STATES TRUSTEE'S MOTION SEEKING TO DISGORGE COMPENSATION FROM ATTORNEY RANDOLPH R. RAMIREZ; MEMORANDAUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
8632 E. VALLEY BLVD. #P, ROSEMEAD, CA 91770

A true and correct copy of the foregoing document entitled (*specify*): _____
**OPPOSITION TO MOTION OF DISGORGEMENT OF COMPENSATION FROM ATTORNEY RAMIREZ**
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/06/2017_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

  John J Menchaca (TR) trustee, jmenchaca@menchacacpa.com, ca87@ecfcbis.com, lgaeta@menchacacpa.com
  Randolph R Ramirez, Debtors counsel, Randolph.Ramirez@yourlegalneeds.net
  United States Trustee (LA) UST, ustregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) 04/06/2017_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

  Debtor
  Allan Miro
  10001 W. Frontae Road Sp #54
  South Gate, CA 90280

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 04/06/2017_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

  Judge's Copy - Honorable Sandra R. Klein
  U.S. Bankruptcy Court, 255 E. Temple Street, Room 940, Los Angeles, CA 90012
  Attn: Mail Room Clerk-Judges Copies

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/06/2017 | Randolph Ramirez | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                       **F 9013-3.1.PROOF.SERVICE**